1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHAWN HAWK,                                No.  2:14-cv-2003 WBS KJN P

12              Petitioner,

13        v.                                    FINDINGS & RECOMMENDATIONS

14   CALIFORNIA BOARD OF PRISON
     HEARINGS,
15
                Respondent.
16

17   I.  Introduction

18          Petitioner, a state prisoner, is proceeding without counsel with an application for a writ of

19   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the state court's denial of

20   habeas relief in connection with the 2012 decision by the Board of Parole Hearings ("Board")

21   finding that petitioner was unsuitable for parole.  Petitioner contends that the Board abused its

22   discretion, violating due process; the decision of the Board was based on fraud and is not

23   supported by some evidence.  Petitioner seeks an order reversing the denial of parole, and

24   ordering a new parole hearing, and a declaration that Marsy's Law violates the Ex Post Facto

25   Clause.

26   ////

27   ////

28   ////

                                            1

Pending before the court is respondent's motion to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.  Petitioner filed an opposition,[1] and respondent did not file a reply.  As set forth below, the court recommends that the motion to dismiss be granted.

II.  Background

Petitioner was convicted in 1996 of first degree murder and conspiracy to commit murder, and sentenced to an indeterminate sentence of twenty-six years to life in state prison.  (ECF No. 1 at 1.)  On July 5, 2013, the Board denied petitioner parole, and deferred his next suitability hearing for seven years.  (ECF No. 11-1 at 130-31.)

On March 21, 2014, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court raising the same claims brought in the instant petition.  (ECF No. 11-4 at 3-34.)  After the Sacramento County Superior Court transferred the petition, the Shasta County Superior Court denied the petition on January 31, 2014.  (ECF No. 11-4 at 37-41.)

On March 21, 2014, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District, which was denied on April 3, 2014.  (ECF No. 11-4 at 35.)  Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on April 15, 2014, which was summarily denied on June 18, 2014.  (ECF No. 11-5 at 2.)

III.  Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").  However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.

---

[1]  In his opposition, petitioner withdrew his request for relief regarding Marsy's Law because the "relief will be had through other ongoing litigation."  (ECF No. 12 at 6.)  Accordingly, the undersigned does not address this potential claim.

1  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).  "Summary dismissal is appropriate only where

2  the allegations are vague [or] conclusory or palpably incredible, . . . or patently frivolous or

3  false."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (internal quotations and citations

4  omitted).

5  Under the standards of the Antiterrorism and Effective Death Penalty Act of 1996

6  ("AEDPA"), federal habeas relief may not be granted with respect to any claim adjudicated on

7  the merits by the state court unless that state decision was (1) "contrary to, or involved an

8  unreasonable application of, clearly established Federal law, as determined by the Supreme Court

9  of the United States;" or (2) "based on an unreasonable determination of the facts in light of the

10  evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Even when a state court

11  provides no reasons for its denial of the federal claim, a habeas petitioner may not obtain relief

12  unless he shows "there was no reasonable basis for the state court to deny relief."  Harrington v.

13  Richter, 131 S. Ct. 770, 784 (2011).  These standards are highly deferential to the state court's

14  decision and "difficult to meet."  Id. at 786.

15  IV.  Procedural Due Process Claims

16  The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives

17  a person of life, liberty, or property without due process of law.  A litigant alleging a due process

18  violation must first demonstrate that he was deprived of a liberty or property interest protected by

19  the Due Process Clause and then show that the procedures attendant upon the deprivation were

20  not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-

21  60 (1989).

22  A protected liberty interest may arise from either the Due Process Clause of the United

23  States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

24  expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221

25  (2005) (citations omitted).  The United States Constitution does not, of its own force, create a

26  protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S.

27  14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no

28  constitutional or inherent right of a convicted person to be conditionally released before the

1   expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory

2   language, 'creates a presumption that parole release will be granted' when or unless certain

3   designated findings are made, and thereby gives rise to a constitutional liberty interest."

4   Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a

5   state's use of mandatory language ("shall") creates a presumption that parole release will be

6   granted when the designated findings are made.).

7       California's parole statutes give rise to a liberty interest in parole protected by the federal

8   due process clause.  Swarthout v. Cooke, 562 U.S. 216, 221 (2011).  In California, a prisoner is

9   entitled to release on parole unless there is "some evidence" of his or her current dangerousness.

10  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-

11  53 (2002).  However, in Swarthout the United States Supreme Court held that "[n]o opinion of

12  [theirs] supports converting California's 'some evidence' rule into a substantive federal

13  requirement."  Swarthout, 562 U.S. at 220-21.  In other words, the Court specifically rejected the

14  notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of

15  evidence presented at a parole proceeding.  Id. at 864.  Rather, the protection afforded by the

16  federal due process clause to California parole decisions consists solely of the "minimal"

17  procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a

18  statement of the reasons why parole was denied."  Swarthout, 562 U.S. at 221-22.

19      In Swarthout, the United States Supreme Court reversed two Ninth Circuit decisions that

20  had each examined the sufficiency of evidence supporting a determination that petitioner

21  continued to pose a threat to public safety; in the first case, the Ninth Circuit had reversed the

22  Board's denial of parole, Cooke v. Solis, 606 F.3d 1206, 1213 (2010); in the second case, the

23  Ninth Circuit reversed the Governor's reversal of the Board's grant of parole, Clay v. Kane, 384

24  F. App'x 544, 546 (2010).  The Supreme Court reversed both judgments of the Ninth Circuit,

25  holding that "[n]o opinion of [the Supreme Court's] supports converting California's 'some

26  evidence' rule into a substantive federal requirement."  Swarthout, 562 U.S. at 220-22.  In other

27  words, the Court specifically rejected the notion that there can be a valid claim under the

28  Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding.  Id.

1   ("Because the only federal right at issue is procedural, the relevant inquiry is what process

2   [petitioner] received, not whether the state court decided the case correctly.").[2]  Rather, the

3   protection afforded by the federal due process clause to California parole decisions consists solely

4   of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to

5   be heard and . . . a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220.

6   Provided these procedural requirements are met, it is of no consequence that the final parole

7   decision is made by the Governor rather than the Parole Board. Id. at 221.

8          Thus, "the beginning and the end of the federal habeas courts' inquiry" is whether

9   petitioner received "the minimum procedures adequate for due-process protection." Swarthout,

10   562 U.S. at 220.  Here, the record reflects that petitioner was present, with counsel, at the July 5,

11   2012 parole hearing, that petitioner participated in the hearing, and that he was provided with the

12   reasons for the Board's decision to deny parole.  (ECF No. 11-1 at 39-132.)  According to the

13   United States Supreme Court, the federal due process clause requires no more.[3]  Thus,

14   respondent's motion to dismiss petitioner's due process claims should be granted.

15   ////

16   ////

17

18   _____

[2]  While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir.2010) (en banc),
19   upon which petitioner relies, the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d
606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in
20   Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is
overruled by the Supreme Court, a district court is no longer bound by that authority, and need
21   not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889,
899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it
22   was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely
on point,' even though those decisions do not expressly overrule the prior circuit precedent."
23   Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th
Cir. 2002)).  Therefore, this court is not bound by Hayward.

24

[3]  All of petitioner's claims challenge the evidentiary sufficiency of the Board's decision.
25   However, "[t]he only federal right at issue in the parole context is procedural, and the only proper
inquiry is what process the inmate received, not whether the state court decided the case correctly.
26   Stuart v. Carey, 2011 WL 2709255 (9th Cir. 2011), citing Swarthout, 562 U.S. at 221-22.
Petitioner cannot obtain more process by attempting to characterize his claims in a different way.
27   Thus, petitioner's claim that the Board's decision was based on fraud, as well as his other two
claims, fail to state a federal claim.  Swarthout, 562 U.S. at 221-22.

28

V. <u>Conclusion</u>

For all of the above reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted; and

2. This action be summarily dismissed without prejudice.  Rule 4, Rules Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 2, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hawk2003.mtd.bph